**UNITED STATES, Appellee,**

v.

**Private (E–1) Glen E. HOLLIMON, SSN 409–96–8529, United States Army, Appellant.**

**CM 440392.**

U. S. Army Court of Military Review.

21 Jan. 1982.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major James F. Nagle, JAGC, and Captain Gary D. Gray, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted of rape and communicating a threat in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (1976), and sentenced to a dishonorable discharge, confinement at hard labor for ten years, and partial forfeitures for 120 months. The convening authority approved the sentence.

The principal factual issue at the trial was whether the victim consented to sexual intercourse with the appellant. The victim testified that she submitted to the appellant out of fear after he had struck her in the head and face several times. The appellant testified that the victim voluntarily engaged in sexual intercourse with him.

The military judge refused to admit evidence proffered by the defense regarding the victim's reputation for unchastity. The defense evidence, if admitted, would have consisted of the testimony of four witnesses who would have testified that the victim had a reputation for being a flirt, sexually "loose" and "easy," and that she was regarded "sort of as a whore." None of the proffered evidence related to any prior sexual activity between the victim and the appellant.

The Military Rules of Evidence prohibit the admission of reputation or opinion evidence of past sexual behavior of the victim. Mil.R.Evid. 412(a). The appellant contends that the military judge's application of Rule 412(a) violated his constitutional right to present evidence in his defense. He argues that Rule 412(a) violates the Sixth Amendment because it "does not allow for an individual weighing of the probative value of reputation evidence against the countervailing considerations in each case."

▆ We hold that Rule 412(a) does not conflict with the Fifth or Sixth Amendments of the Constitution and that it was applied in this case in a constitutional manner.

▆ The military rule was adopted from the Federal Rules of Evidence, which incorporated the Privacy Protection for Rape Victims Act of 1978.[1] The basis for both the federal rule and the military rule is relevance. The federal rule was a codification of the growing consensus among federal and state courts that the virtually unrestricted attack on a rape victim's sexual reputation, which was permissible under the old rules of evidence, frequently resulted in evidence of doubtful probative value but high potential for prejudice, injection of irrelevant collateral issues, and unwarranted embarrassment for victims.[2] Even prior to the adoption of Federal Rule 412, there was ample judicial authority for the view that "evidence of a rape victim's unchastity . . . is ordinarily insufficiently probative either of her general credibility as a witness or of her consent to intercourse with the defendant on the particular occasion charged to outweigh its highly prejudicial effect." (Citations omitted.) *United*

*States v. Kasto,* 584. F.2d 268, 271–72 (8th Cir. 1978), *cert. denied* 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979); *see United States v. Merrival,* 600 F.2d 717 (8th Cir. 1979); *McLean v. United States,* 377 A.2d 74, 77–78 (D.C.App.1977). When Congress enacted the Privacy Protection for Rape Victims Act of 1978, which became Federal Rule 412, they provided for the exclusion of reputation and opinion evidence of the past sexual behavior of an alleged victim because they, like many federal and state courts, believed that such evidence was not relevant to the issues of the victim's consent or her veracity. *See* Privacy for Rape Victims: Hearings on H.R. 14666 and Other Bills Before the Subcommittee on Criminal Justice of the Committee on the Judiciary, 94th Cong. 2d Sess. (1976); *see also Doe v. United States,* 666 F.2d 43, 30 Crim.L.Rep. (BNA) 2224 (4th Cir. 1981); Annot. "Constitutionality of 'Rape Shield' Statute Restricting Use of Evidence of Victim's Sexual Experiences," 1 ALR 4th 283 (1980). Like the federal rule, Military Rule 412 codifies the view that unchastity *per se* has little relevance to the victim's truthfulness or the issue of consent. As such Rule 412 is no more than a specific application of the general principles of relevance in Rules 401 and 403.[3]

▆ We believe that "the Sixth Amendment right to confrontation and the Fifth Amendment right to due process of law require only that the accused be permitted to introduce all relevant and admissible evidence." (Citations omitted.) *United States v. Kasto, supra* at 272. Since Rule 412(a) was invoked to exclude only irrelevant evi-

---

1. Public Law 95–540, 92 Stat. 2046 (1978).

2. The proposition that the victim's unchastity reflects adversely on her credibility has been widely discredited. Several courts have observed that such a proposition would "necessarily imply the absurd [corrollary] that the extramarital sexual history of a female witness would be admissible in any case [other than a rape case] in which she testified. . . ." *State ex rel. Pope v. Superior Court,* 113 Ariz. 22, 545 P.2d 946, 950 (1976) (en banc).

3. It is also consistent with the limitations on uses of character evidence in Rule 404. Even where character evidence under Rule 404 or evidence of habit under Rule 406 may be admissible, the judge may exclude it under Rule 403 if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the court members.

dence in this case, the appellant has not been deprived of any constitutional rights.[4]

■ Our examination of the proffered defense evidence in this case convinces us that it is precisely the type of unreliable reputation evidence based on gossip, rumor, and conjecture which may have been admissible under the old military rules but which frequently was excluded by federal courts as irrelevant under Federal Rule 403 even before the adoption of Federal Rule 412. *See United States v. Merrival, United States v. Kasto* and *McLean v. United States, supra.* Thus we conclude that the appellant was not deprived of his right to present a defense but rather was merely precluded from cluttering the proceedings with unreliable rumors and unsupportable accusations.[5] We find the assigned error without merit.

■ The appellant also contends that the evidence is insufficient to support his conviction. We disagree. While the appellant contends that the victim consented to sexual intercourse with him, we find that the victim's lack of consent is established beyond a reasonable doubt by evidence that she was severely beaten about the head and face, that her underclothing was torn, and that she called out for help several times during the attack.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge O'DONNELL concur.

---

**4.** The United States Supreme Court has refused to hear a constitutional attack on the Ohio rape shield statute, which is virtually identical to the federal rule, "for want of a substantial federal question." *Goode v. Ohio,* 450 U.S. 903, 101 S.Ct. 1337, 67 L.Ed.2d 327 (1981) (memo.) (extract of Ohio Supreme Court's decision reprinted in 28 Crim.L.Rep. (BNA) 4220.)

**5.** The trial defense counsel in this case argued that the evidence was admissible under Rule 406. However, even in the absence of Rule 412, the proffered evidence would not have been admissible as evidence of habit or routine under Rule 406 since the proffered evidence falls far short of establishing the virtually automatic conduct of invariable regularity contemplated by Rule 406. "Certainly the very volitional basis of the activity raises serious questions as to its invariable nature, and hence its probative value." *Levin v. United States,* 338 F.2d 265, 272 (D.C.Cir.1964), *cert. denied* 379 U.S. 999, 85 S.Ct. 719, 13 L.Ed.2d 701 (1965). The appellant did not assert mistake of fact as a defense, nor did he offer any evidence attacking the victim's reputation for truthfulness.