**UNITED STATES, Appellee,**

v.

**Glen E. HOLLIMON, Private, U.S. Army, Appellant.**

No. 42,825.

CM 440392.

U.S. Court of Military Appeals.

Aug. 15, 1983.

For Appellant: *Captain John Lukjanowicz* (argued); *Major Robert C. Rhodes, Captain Michael T. Kelly* (on brief); *Colonel William G. Eckhardt, Colonel Edward S. Adamkewicz, Jr., Major Raymond C. Ruppert, Major James F. Nagle, Captain Gary D. Gray.*

For Appellee: *Captain Thomas E. Booth* (argued); *Colonel James Kucera, Lieutenant Colonel John T. Edwards* (on brief); *Colonel R. R. Boller, Captain Paul K. Cascio, Captain Patrick M. Flachs.*

*Opinion of the Court*

PER CURIAM:

In October 1980, appellant was tried at Kaiserslautern, Germany, by a general court-martial composed of officer members. Contrary to his pleas, he was found guilty of rape and of communicating a threat, in violation of Articles 120 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934, respectively. He was sen-

tenced to a dishonorable discharge, confinement at hard labor for 10 years, and forfeiture of $475.00 pay per month for 120 months. Subsequently, the convening authority approved the findings and sentence; and the United States Army Court of Military Review affirmed. *United States v. Hollimon*, 12 M.J. 791 (1982). We granted review on this issue:

> WHETHER THE REFUSAL OF THE MILITARY JUDGE TO ADMIT DEFENSE TESTIMONY REGARDING THE ALLEGED RAPE VICTIM'S REPUTATION FOR PROMISCUITY VIOLATED THE APPELLANT'S SIXTH AMENDMENT RIGHT TO PRESENT EVIDENCE AND SUBSTANTIALLY PREJUDICED HIS DEFENSE.

## I

As stated by the court below:

> The principal factual issue at the trial was whether the victim consented to sexual intercourse with the appellant. The victim testified that she submitted to the appellant out of fear after he had struck her in the head and face several times. The appellant testified that the victim voluntarily engaged in sexual intercourse with him.
>
> The military judge refused to admit evidence proffered by the defense regarding the victim's reputation for unchastity. The defense evidence, if admitted, would have consisted of the testimony of four witnesses who would have testified that the victim had a reputation for being a flirt, sexually "loose" and "easy," and that she was regarded "sort of as a whore." None of the proffered evidence related to any prior sexual activity between the victim and the appellant.

*Id.* at 792.

In excluding the proffered defense evidence, the military judge relied on Mil.R. Evid. 412(a) which provides:

> Notwithstanding any other provision of these rules or this Manual, in a case in which a person is accused of a nonconsensual sexual offense, reputation or opinion evidence of the past sexual behavior of an alleged victim of such nonconsensual sexual offense is not admissible.

Unlike Mil.R.Evid. 412(b), which concerns "evidence of a victim's past sexual behavior other than reputation or opinion evidence," Mil.R.Evid. 412(a) does not set forth any exceptions to its prohibition of "reputation or opinion evidence." This omission probably reflects an assumption on the part of the Rule's draftsmen that such evidence would be of such limited probative value and so fraught with various dangers that its admission would never be proper. *Cf.* Mil.R.Evid. 403. On the other hand, the draftsmen contemplated that, for other types of evidence of a victim's past sexual behavior, exclusion might sometimes be inappropriate or even unconstitutional; and so Mil.R.Evid. 412(b) did not contain the same purported ironclad prohibition as Mil. R.Evid. 412(a).

Whatever type of evidence may be offered as to past sexual behavior of an alleged victim, the underlying analysis is the same; and, as we have made clear in several other cases, it centers on the relevance, materiality, and favorability to the defense of such evidence. *See United States v. Dorsey*, 16 M.J. 1 (C.M.A.1983); *United States v. Elvine*, 16 M.J. 14 (C.M.A.1983). While the members of our Court have sometimes differed as to the probative quality or weight of particular evidence, we have started from the same premise. Moreover, that premise probably would apply even in the absence of Mil.R.Evid. 412. *Cf. United States v. Kasto*, 584 F.2d 268 (8th Cir.1978), *cert. denied*, 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979); *McLean v. United States*, 377 A.2d 74 (D.C.App.1977); *State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 545 P.2d 946 (1976). Indeed, Mil.R.Evid. 412 is grounded in judicial recognition

> that absent circumstances which enhance its probative value, evidence of a rape victim's unchastity, whether in the form of testimony concerning her general reputation or direct or cross-examination testimony concerning specific acts with persons other than the defendant, is ordinarily insufficiently probative either of her

general credibility as a witness or of her consent to intercourse with the defendant on the particular occasion charged to outweigh its highly prejudicial effect.

*United States v. Kasto, supra* at 271–72 (footnotes omitted).

We can conceive of cases in which even evidence of an alleged victim's reputation might be quite relevant in a prosecution for a sexual offense. For example, in a prosecution for assault with intent to rape, the victim's reputation, if known to the accused, might tend to negate the specific intent. In that situation the requirements of Article 46 of the Uniform Code, 10 U.S.C. § 846, and of the Fifth and Sixth Amendments would require admission of the evidence, despite the purported absolute bar contained in Mil.R.Evid. 412(a).

■ In the present case, however, the reputation evidence does not have the probative value that would require its reception in evidence. Appellate defense counsel argued ably that, despite the alleged victim's bruises on her face and neck, some of her testimony and some of the other evidence created a reasonable doubt as to the absence of consent. To the contrary, we conclude that—whatever inferences might have been drawn by the triers of fact from other evidence of record—the reputation evidence offered by the defense would not have contributed here to ascertainment of the truth. Indeed, the proffered reputation evidence manifests the very evil towards which Mil.R.Evid. 412(a) was directed, since its reception in evidence would expose the alleged victim to the recitation in court of innuendos and rumors, which, even if true, would not impugn her credibility or establish that she gave consent to appellant.

Trial defense counsel adverted in his argument to Mil.R.Evid. 406, concerning evidence of "habit," and contended that "[i]f it is the habit of the victim to consent to sex freely and indiscriminately, then this evidence would be relevant to prove her conduct on this occasion was in conformity with this habit." While the rationale may be correct, the proffered evidence fell far short of establishing the "habit" to which defense counsel referred.

■ One of the four witnesses proffered by the defense had shared a room with appellant's alleged victim; and she testified during an Article 39(a), U.C.M.J., 10 U.S.C. § 839(a), session that she had been in the room on several occasions while her roommate engaged in what appeared to be sexual activity. This testimony was offered by the defense as reputation evidence; and for this purpose it was inadmissible for reasons already stated. However, the testimony also concerns prior instances of sexual behavior by the alleged victim—with which Mil.R.Evid. 412(b) deals. Even when considered in this light, the evidence lacks sufficient relevance to merit admission. Proof that a woman had sexual intercourse in her room with one male has little tendency to establish that she would also have intercourse willingly in her room with some other male—especially when, as here, there is no indication that Hollimon's encounter with the victim was under circumstances similar to those under which she had previously engaged in sexual activity with others. Furthermore, even if the judge erred in excluding this evidence, we are convinced from the other evidence of record—including the physical evidence of bruises—that the exclusion of the evidence did not affect the outcome of the trial. Certainly, nothing in the record would indicate that the victim was a masochist who, as an adjunct to sexual intercourse, was accustomed to being battered and bruised.

II

■ In certain instances the Military Rules of Evidence require the military judge to make findings incident to a ruling on admissibility. *See, e.g.,* Mil.R.Evid. 311(d)(4). No similar requirement is imposed by Mil.R.Evid. 412. However, consistent with providing a basis for informed appellate review, we suggest that a judge who conducts the hearing on evidence of a victim's past sexual behavior, as called for in Mil.R.Evid. 412(c)(2), should indicate in some detail in the record of that hearing

the basis for his reception or exclusion of the proferred evidence. In so doing, he should focus especially on the relevance of the evidence under the facts of the case; and, in preparation for his ruling, he should carefully inquire of defense counsel as to his reasons for believing the evidence has probative value in the case then at hand.

We hold that the granted issue should be answered adversely to the accused.

### III

 Appellate defense counsel submitted to us a supplemental issue concerning the relationship of the rape charge to that of communicating a threat. On our own motion, we now have reconsidered our denial of review as to that assignment; and we have concluded that Hollimon's claim has merit. Communication of the threat was shown by the pleadings and evidence to be fairly embraced as an integral means of accomplishing the rape. Accordingly, although this former offense could properly have been charged separately because of possible exigencies of proof, the separate finding of guilt rendered thereon should be set aside. *Cf. United States v. Baker,* 14 M.J. 361 (C.M.A.1983). While we have some doubt that appellant was prejudiced as to the sentence, out of an abundance of caution we shall remand to the court below for reassessment of sentence.

### IV

The decision of the United States Army Court of Military Review is reversed as to Charge V and its specification (communication of a threat) and the sentence. The findings of guilty as to Charge V and its specification are set aside and Charge V is dismissed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for reassessment of the sentence on the basis of the remaining findings of guilty.

COOK, Judge (concurring in part, dissenting in part):

I concur with parts I and II of the majority opinion. I dissent with respect to the remaining portions of the opinion.

I cannot understand my Brothers' penchant for deleting proven crimes from the public record. Here appellant did at least two things to the victim: He raped her and, in the process, threatened to kill her. What public policy is offended by requiring such a criminal to bear the stigma of his misconduct I cannot imagine! How justice and society are served by masking such deeds I am at a loss to explain! And what authority this Court has to excuse or pardon crimes I am unable to recount!

It would be different if this threat to kill were a lesser-included aspect of rape, *see Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), but it is not. Indeed, not one single element of communicating a threat is common to, or included within, rape. Paras. 199*a* and 213*f* (10), Manual for Courts-Martial, United States, 1969 (Revised edition). Even the force element of rape is, not fulfilled by a threat. Para. 199*a*, Manual, *supra.* Thus, the crimes are completely separate in the law. *Missouri v. Hunter,* —— U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Albernaz v. United States,* 450 U.S. 333, 343, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981); *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 181 (1977); *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293, n. 17, 43 L.Ed.2d 616 (1975); *Gore v. United States,* 357 U.S. 386, 389, 78 S.Ct. 1280, 1282, 2 L.Ed.2d 1405 (1958); *American Tobacco Co. v. United States,* 328 U.S. 781, 788, 66 S.Ct. 1125, 1128, 90 L.Ed. 1575 (1946); *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Baker,* 14 M.J. 361, 371 (C.M.A.1983) (Cook, J., dissenting).

In my opinion, if a member of society takes it upon himself to violate a series of separate criminal proscriptions—even if it be in the course of a single spree—society need not apologize for holding that member to account for *all* of his misdeeds. But to make matters worse, my Brothers have added yet another verbal diversion for what

is in reality a "gut" test—the "fairly embraced as an integral means of accomplish[ment]" test. *United States v. Hollimon*, 16 M.J. 164, 167 (C.M.A.1983). *See United States v. Baker, supra* at 372.

It goes without saying that I am disturbed by the remedy ordered by the majority. Even if the offenses had been multiplicious for findings, there is no occasion for remedial action. *United States v. Hasting*, ⸺ U.S. ⸺, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). The maximum punishment for rape alone in a non-capital case is *exactly* the same as that for rape plus communicating a threat—dishonorable discharge, confinement at hard labor for life, total forfeitures, and reduction to the lowest enlisted grade. Article 120(a), Uniform Code of Military Justice, 10 U.S.C. § 920(a). Since the court members would have had *precisely* the same evidence of appellant's misconduct before them, there is no basis for suspecting that they would have been more charitable in adjudging the sentence in the absence of the separate charge.

I would affirm the decision of the United States Army Court of Military Review.