**UNITED STATES, Appellee,**

v.

**Private First Class Ronnie BROWN, SSN 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, United States Army, Appellant.**

**CM 442140.**

U.S. Army Court of Military Review.

20 Oct. 1983.

Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Patrick F. Crow, JAGC, and Captain Warren G. Foote, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Leonard L. Lucey, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and WATKINS, Appellate Military Judges.

OPINION OF THE COURT

McKAY, Judge:

The appellant, Private First Class Ronnie Brown, was convicted contrary to his pleas, of rape and possession of cocaine by a general court-martial with members. The convening authority approved the adjudged sentence to confinement for 10 years, forfeiture of all pay and allowances, and a dishonorable discharge. We find two of the appellant's assigned errors have merit. First, he contends the military judge erred by precluding the defense from introducing evidence of prior consensual sexual intercourse between him and the victim, Private Joanne Brown (no relation). In the second assigned error he asserts that the military judge erred by permitting the trial counsel, over defense objection, to elicit testimony of unrelated uncharged misconduct, by twice later misinforming the court members that there had been no objection to the contested testimony, and by instructing the members that they could consider that the uncharged misconduct "set the scene" for the subsequent alleged rape. Agreeing there is merit to both assigned errors, we reverse the findings of guilty to rape.

. The record of trial establishes that on the evening of 27 May 1981 Joanne Brown came to the appellant's barracks room to retrieve a cassette player that she had loaned to the appellant earlier in the evening. After she entered the room the appellant locked it from the inside. Testifying over defense objection, Joanne stated that the appellant had "a form of powder on the table" that he was cutting into lines with a razor blade. The nature of the powder was not identified. Joanne also testified that she had known the appellant for some months and described their relationship as "more like a brother and sister type....", and that she remained in the room to discuss a personal family situation about which she was upset and disturbed. She had previously consumed some alcohol and also drank some gin offered by the appellant. She admitted to having smoked some marijuana earlier in the day and the

appellant testified that she smoked some while in his room. Later, according to Joanne, as she got up to leave, the appellant told her to take off her clothes. She refused and began to cry. An argument followed during which Joanne threw a glass at the appellant and he slapped her several times on the face with his hand. When he put his hands around her throat, as if he was going to choke her, she testified she became frightened. Joanne then took her clothes off and got onto the bed. According to Joanne, the appellant then had forcible, nonconsensual sexual intercourse with her for "at least thirty or forty-five minutes." Afterwards she dressed and tried to leave, but the appellant would not unlock the door. The appellant again made her undress and forced her to submit to sexual intercourse for a prolonged period of time.

Contrary to Joanne's testimony, the appellant testified that she submitted to him and that coitus was consensual on both occasions that evening. The appellant was placed in pretrial confinement the next day and during a search of his clothes on 16 June 1981, after his return to the stockade from the clothing sales store, a small package of cocaine was found concealed in the fly of his fatigue trousers.

At a pretrial Article 39(a), 10 U.S.C. § 839(a) session, the appellant's defense counsel advised the military judge that he intended to present evidence under Military Rule of Evidence (MRE) 412(b)(2)(A), of injury to Joanne Brown occurring on 20 May during her sexual activity with a person other than the appellant. He offered no evidence or information of specific instances. He did state, however, that the source of his information regarding these injuries came from comments Joanne made to the physician who examined her after the alleged rape by the appellant. The defense counsel further advised the military judge that he had received this information at the Article 32(b) [1] investigation that took place at least a month before the trial and that he had made no effort to follow up on

---

1. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (1976).

it. The military judge disallowed the presentation of this evidence of Joanne's prior sexual conduct.

The defense counsel also advised the military judge that he intended to introduce certain evidence under MRE 412(b)(2)(B) "of prior consensual sexual intercourse between the accused and the victim." Again no specific instances were provided other than the defense counsel's statement that "consensual sex" had occurred between Joanne Brown and the appellant on two prior occasions. Likewise no prior notice of intention to introduce this evidence had been given to the military judge as required by MRE 412(c)(1), although on the evening before the trial the defense counsel had advised the trial counsel of his intention. When the military judge indicated his displeasure with the lack of notice the defense counsel acknowledged that he had no explanation other than simply having neglected to provide the required notice.

■ The military judge delayed ruling on the evidence of Joanne's sexual involvement with the appellant until the close of the government's case. At that time he disallowed its admission because of the lack of notice, the failure to provide specific information on time and place of prior sexual contact and because the evidence in question was "not constitutionally required." Nevertheless, in response to a question during cross-examination the appellant testified that he knew Joanne had been satisfied as a result of his performance during the alleged rape, because he "had sex with her before" and that she had been satisfied then.

Disallowing this evidence offered under MRE 412(b)(2)(B) by the defense was erroneous. In several recent cases the United States Court of Military Appeals has interpreted MRE 412. *United States v. Dorsey,* 16 M.J. 1 (C.M.A.1983); *United States v. Elvine,* 16 M.J. 14 (C.M.A.1983); *United States v. Colon-Angueira,* 16 M.J. 20 (C.M. A.1983); *United States v. Hollimon,* 16 M.J.

164 (C.M.A.1983). From the holdings in these cases it is clear that relevance is the appropriate standard for determining the admissibility of evidence under MRE 412. "Whatever type of evidence may be offered as to past sexual behavior of an alleged victim, the underlying analysis is the same; and . . . . it centers on the relevance, materiality, and favorability to the defense of such evidence." *United States v. Hollimon, supra* at 165. Evidence of recent sexual intercourse between the appellant and the alleged victim in this case was relevant to the rape charge because of the inference of consent by the victim that could have been drawn by the fact-finders with respect to the incidents giving rise to the charge. Obviously, the purpose behind the defense offer of this evidence was to support its theory in defense of the rape charge that coitus between the appellant and Joanne Brown in the appellant's room on 27 May 1981 was with Joanne's consent. Thus the evidence also was material because whether or not Joanne did consent to coitus was the decisive issue in dispute at this trial. The evidence of prior sexual activity between the appellant and Joanne was favorable to the defense in that if an inference of consent had been drawn by the fact-finders it would have corroborated the testimony of the appellant that Joanne had consented to sexual intercourse with him on the fateful night. Thus the evidence was constitutionally required and within the right of the appellant to present. *See United States v. Dorsey, supra.* The appellant's response on cross-examination, wherein he referred to prior sexual relations with Joanne, did not satisfy the requirement for admissibility of the defense offered evidence under MRE 412(b)(2)(B) as it did not fully develop the evidence.[2]

■ In view of our holding we feel it is also necessary to discuss the failure of both the defense counsel and the military judge to comply with the procedural requirements of MRE 412(c), *i.e.,* notice, offer of proof,

---

**2.** The record gives us no indication of why the defense counsel failed to pursue this subject on re-direct. Apparently he assumed the military judge's previous ruling on its admissibility by the defense barred further questioning.

hearing. Clearly the notice provided the military judge and the trial counsel by the defense counsel was untimely and the offer of proof was inadequate. Nevertheless, we must note that MRE 412 prescribes no time requirement or form, only that it "shall be accompanied by an offer of proof." MRE 412(c)(2). The rule also requires that if the offer of proof contains evidence of past sexual behavior with the accused and is offered by the accused upon the issue of consent by the victim with respect to which the nonconsensual sexual offense is alleged, the military judge "shall conduct a hearing."

In this case evidence of such past behavior was presented to the military judge here, albeit meager and ineptly handled by the defense counsel. We find that the offered evidence went to consent, was of obvious critical importance to the defense, and that the military judge had no choice but to conduct a hearing, or order a continuance. Either of these alternatives would have been preferable to the summary exclusion of the evidence. *Cf.* MRE 311(d). *See* Saltzburg, Schinasi, Schlueter, *Military Rules of Evidence Manual,* 207 (1981). The defense counsel's negligence, lack of experience, inadequacy or whatever reason for noncompliance with MRE 412(c) simply cannot justify exclusion of such critical evidence to the detriment of an accused. Aside from any constitutional requirement of admissibility, the reason for this is obvious. To exclude such evidence under such circumstances immediately raises the issue of the defense counsel's adequacy and the accused's right to effective assistance of counsel. Thus whether an appellate court reverses a conviction because of the exclusion of critical evidence or because of inadequate representation by counsel is of little matter. The administration of justice is not well served in either instance.

In view of our holding on the rape charge it is unnecessary to discuss the effect on that charge of the erroneous holding of the military judge which required the appellant to testify over objection regarding the presence of cocaine in his room on the night of 27 May 1981. The appellant did not open the door to such testimony when he testified on direct and we find that the military judge violated his right under the Fifth Amendment to the Constitution, not to incriminate himself, when he required the appellant to testify on cross-examination. We find, moreover, that this inadmissible testimony of cocaine possession on 27 May did not involve or otherwise relate to the events surrounding the appellant's possession of cocaine on 18 June 1981. The 18 June offense was proven beyond a reasonable doubt by properly admitted evidence.

We have considered the appellant's remaining assignments of error and find them to be without merit.

The findings of guilty of the Charge and its Specification are set aside. The remaining findings of guilty are affirmed. The sentence is set aside subject to the qualification hereafter stated. The record of trial is returned to The Judge Advocate General for submission to the same or a different convening authority. The convening authority may order a rehearing on the Charge and its Specification and on the sentence, or if he determines a rehearing on that charge impractical, he may dismiss the charge and order a rehearing on sentence only. If he determines a rehearing on sentence only also impractical, the convening authority may reassess the sentence (set aside subject to this qualification).

Senior Judge MELNICK concurs.

WATKINS, Judge, concurring in the result:

I agree that the interpretive principles recently set forth by the Court of Military Appeals in a flurry of Rule 412 decisions, cited in the lead opinion, effectively preclude affirmance of the finding of guilty of the rape charge in this instance. It is apparent that the judicial interpretation currently being given Rule 412 is quite different from that of 26 months ago when this case was tried.

The competent evidence of record adequately establishes that the appellant wrongfully, and knowingly, possessed cocaine as alleged in the Additional Charge and its Specification. Accordingly, I join in affirming the finding of guilty of this charge. Finding the other unaddressed assignments of error without merit, I am also in agreement with the overall disposition of this case as reflected in the decretal paragraph of the lead opinion.