UNITED STATES, Appellee,

v.

Sergeant Ronald L. HARRIS, 287–66–1241, United States Army, Appellant.

ARMY 9301182.

U.S. Army Court of Criminal Appeals.

6 March 1995.

For Appellant: Captain Blair M. Jacobs, JAGC (argued); Major Robin L. Hall, JAGC (on brief); Major Roy H. Hewitt, JAGC.

For Appellee: Captain J. Key Schoen, JAGC (argued); Colonel John M. Smith, JAGC, Captain Anthony P. Nicastro, JAGC (on brief); Major Lyle D. Jentzer, JAGC.

Before CUTHBERT, EDWARDS, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

GONZALES, Judge:

Contrary to his pleas, the appellant was found guilty by a general court-martial composed of officer members, of dereliction of duty, maltreatment of a soldier, rape, and adultery in violation of Articles 92, 93, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 893, 920, and 934 (1988). The appellant was sentenced to a dishonorable discharge, confinement for ten years, and reduction to Private E1. Consistent with a post-trial request for clemency, the convening authority reduced the period of confinement to five years, but otherwise approved the sentence as adjudged.

Before this court the appellant asserted, inter alia, that the military judge erred to the substantial prejudice of the appellant by refusing to admit evidence of the victim's prior sexual activity as a prostitute. We agreed and issued an opinion on 11 January 1995. We subsequently vacated that decision upon our granting of two requests for reconsideration, one submitted by the government and the other by the appellant. *United States v. Harris*, ARMY 9301182 (Army Ct.Crim.App. 7 Feb. 1995) (order) (unpub.).

We have considered the government's two-part assertion that: (1) our opinion's reliance on *United States v. Saipaia*, 24 M.J. 172, 175 (C.M.A.1987) (dictum), *cert. denied*, 484 U.S. 1004, 108 S.Ct. 694, 98 L.Ed.2d 647 (1988) and *United States v. Collins*, CM 441787 (A.C.M.R. 28 Dec. 1982) (unpub.), to hold that the military judge abused his discretion by excluding evidence of the victim's prior conviction of solicitation for the purpose of prostitution created bad legal precedent, and (2) we misapplied the "abuse of discretion" standard in reviewing the military judge's ruling. We have also considered the appellant's argument that, in addition to setting aside the appellant's conviction for raping a soldier, we should have also set aside the conviction for maltreatment of the same soldier. For reasons set forth below, we disagree with both of the government's contentions and agree with the appellant's position.

After the government presented its case-in-chief, the defense presented four noncommissioned officers, three of whom were female, who testified about the appellant's good character. The civilian defense counsel then disclosed to the court that the appellant would be called to testify that the victim, Ms. S, had consented to their sexual intercourse and that there had been a "failed contract" between the appellant and Ms. S concerning their sexual encounter. Specifically, the appellant would state that after engaging in consensual sexual intercourse, Ms. S demanded money for a bus ticket to Cleveland, Ohio, and when he refused to pay, Ms. S claimed he had raped her. The civilian defense counsel then requested that the defense be allowed to introduce evidence of Ms. S's prior activity as a prostitute, relying on *Saipaia*.

After the civilian defense counsel acknowledged not giving adequate notice of his intentions to the government, the military judge ruled that:

> I don't believe that [her] prior [four-year, misdemeanor] conviction [of solicitation for the purpose of prostitution] under the cir-

cumstances as it's before me in this case is admissible either under [Military Rule of Evidence, hereinafter Mil.R.Evid.] 412, and I would exclude it under [Mil.R.Evid.] 403 as well on a balancing of the issues here, and I'm going to deny your request.

He further stated:

> [O]pinion and reputation evidence as to prior sexual activity, or reputation for being a prostitute is excluded under [Mil.R.Evid.] 412. There's got to be an independent basis for that. It's constitutionally required and there's got to be advance notice of it, and so I don't think we've reached that issue in this case.... [1]

The appellant then testified as his civilian defense counsel had indicated in his offer of proof to the court.

Before deliberating on findings, the panel members recalled Ms. S to answer questions raised by the appellant's testimony that she had agreed to have sexual intercourse with him in exchange for money. She denied consenting to the sexual activity for money. Prior to cross-examining Ms. S, the civilian defense counsel again asked that he be allowed to question her about "the area that we have discussed under *United States v. Saipaia.*" The military judge denied the defense's request, restating his view, "I think that's still excluded under [Mil.R.Evid.] 412."

■ The so-called "rape shield" rule in military practice, Mil.R.Evid. 412(a) and (b), excludes both reputation or opinion evidence of past sexual behavior of the alleged victim, as well as specific instances of sexual conduct. *United States v. Kelly,* 33 M.J. 878, 881 (A.C.M.R.1991). This rule is intended to protect victims of sexual assaults against needless embarrassing and degrading cross-examination, and unwarranted invasions of privacy. *United States v. Fox,* 24 M.J. 110,

112 (C.M.A.1987). Furthermore, it encourages the reporting and prosecuting of sexual offenses. *Kelly,* 33 M.J. at 881. The rule, however, should not be interpreted as a rule of absolute privilege. *United States v. Colon–Angueira,* 16 M.J. 20, 24 (C.M.A.1983); *Kelly,* 33 M.J. at 882.

■ Notwithstanding the general rule against receiving evidence of the past sexual behavior of the victim of a nonconsensual sexual offense, this type of evidence is admissible when "constitutionally required." *United States v. Knox,* 41 M.J. 28, 30 (C.M.A. 1994); *United States v. Dorsey,* 16 M.J. 1, 4 (C.M.A.1983); Mil.R.Evid. 412(b)(1). The United States Court of Appeals for the Armed Forces [hereinafter the Court of Appeals] adopted the Supreme Court's holding in *United States v. Valenzuela–Bernal,* 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982), that evidence is constitutionally required to be admitted when it is relevant, material, and favorable to the defense's theory of the case. *Dorsey,* 16 M.J. at 5; *United States v. Elvine,* 16 M.J. 14, 18–19 (C.M.A. 1983). Moreover, a defendant's constitutional right to present such evidence is paramount to any general concern with sheltering an alleged rape victim. *Dorsey,* 16 M.J. at 8; *United States v. Williams,* 37 M.J. 352, 360 n. 7 (C.M.A.1993).

■ In this case, our standard of review is whether the military judge abused his discretion when he excluded evidence of the victim's prior misdemeanor conviction of solicitation for the purpose of prostitution. *United States v. Hurst,* 29 M.J. 477, 481 (C.M.A.1990). The test to apply on the admissibility of the conviction is whether the appellant demonstrated to the court that it was "relevant, material, and favorable" to his defense that the victim propositioned him

---

**1.** Whatever weight the military judge may have given to the defense's failure to comply with the unspecified time notice provision of Mil.R.Evid. 412(c)(1) and (2) in ruling on the admissibility of the victim's conviction for solicitation, we adhere to our view on this notice requirement in *United States v. Brown,* 17 M.J. 544 (A.C.M.R.1983). The defense counsel's reason for noncompliance with the notice provision of Mil.R.Evid. 412(c) simply cannot justify exclusion of critical evidence to the detriment of an accused. *Brown,* 17

M.J. at 547. However, we note that the 1 December 1994 amendment to Federal Rule of Evidence 412 specifies that notice must be provided by the moving party via "a written motion at least 14 days before trial." All trial practitioners are reminded that amendments to the Federal Rules of Evidence shall apply to the Military Rules of Evidence 180 days after the effective date of such amendments unless action to the contrary is taken by the President. Mil.R.Evid. 1102.

and then became an enraged businesswoman when he refused to pay for her services. *Dorsey,* 16 M.J. at 5. Furthermore, the probative value of the evidence must outweigh the danger of unfair prejudice. *United States v. Greaves,* 40 M.J. 432, 438 (C.M.A. 1994); Mil.R.Evid. 412(c)(3).

The Court of Appeals and previous decisions of this court have provided guidance as to when evidence of prior sexual activity is "relevant, material, and favorable." We believe none is more on point in this case than *Saipaia.* Although the Court of Appeals held that evidence of the victim's prior activity as a prostitute was not "relevant, material, and favorable" in *Saipaia,* Chief Judge Everett indicated:

> If Saipaia had conceded that he had had sexual intercourse with Mrs. Ricks but had claimed that it was consensual and that she had accused him of rape because he had failed to pay her price, then her prior activity as a prostitute would have been especially relevant.

*Saipaia,* 24 M.J. at 175.[2]

We note that the dicta in *Saipaia* has been the subject of two treatises on military criminal law. One included *Saipaia* in its discussion of Mil.R.Evid. 412 and observed that had the "appellant taken the stand and claimed consensual sex, but a failure to agree on price, 'then her prior activities as a prostitute would have been especially relevant' and admissible." *See* Stephen A. Saltzburg, et al., *Military Rules of Evidence Manual* 528 (3d ed. 1991). The other mentioned *Saipaia* in its discussion of the rape shield rule and indicated that "a prostitution conviction might be used to show that the victim had a motive to accuse the defendant of rape, but not merely to impeach the victim's veracity. *See* 1 Francis A. Gilligan & Fredric I. Lederer, *Court–Martial Procedure,* § 20–32.32(b), at 840 n. 451 (1991).

We also note that three years before *Saipaia,* the Court of Appeals agreed with this court's opinion in *Collins.* There we held that evidence of the victim's reputation as a prostitute was constitutionally required to be admitted into evidence where the defense's theory was that the victim falsely cried rape only after she was not provided with a ride home or money for a taxicab, as she had expected, for her sexual services. *United States v. Collins,* 17 M.J. 345 (C.M.A.1984) (summary disposition).[3]

We have reviewed the six cases cited by the government in its Motion for Reconsideration and note that three of them support the line of thought contained in *Saipaia* and *Collins* and, thus, our initial opinion as well. We agree that in *Johnson v. State,* 598 S.W.2d 803 (Crim.App.Tenn.1979), the victim's prior misdemeanor convictions for prostitution were held not to be relevant and, therefore, inadmissible under the circumstances of that case. However, none of the rape defendants in *Johnson* testified or otherwise presented evidence that there had been a failed agreement to provide sex for money. Similarly, the defense presented no such evidence in *Brewer v. United States,* 559 A.2d 317 (Crim.App.D.C.1989). We also agree that in *Demers v. State,* 209 Conn. 143, 547 A.2d 28 (1988), a prior arrest for prostitution was held admissible for impeachment purposes when the victim testifies that she has never engaged in such misconduct. In the instant case, Ms. S never testified in this manner. However, *Demers* also said that the prior arrest for prostitution was clearly relevant to the substantive issue of consent where both defendants testified that the victim had offered to engage in sex with them for a fee and, thus, was admissible. *Id.* 547 A.2d at 35–36.

 We find that the defense established that Ms. S's conviction of solicitation was "relevant, material, and favorable" to his

---

**2.** The reason why Mrs. Ricks' prior activity as a prostitute was not relevant, material, and favorable was because Saipaia's defense was that Mrs. Ricks had not been raped, and if she had, he was not the perpetrator.

**3.** We agree with our brothers on the former Navy and Marine Court of Military Review that any decision by our superior court is precedential

and we are generally not free to ignore it. The only distinction between a summary disposition and a full opinion is the brevity of the former, both as to facts and reasoning. *United States v. McConnell,* 36 M.J. 552, 553 (N.M.C.M.R.1992) (citing *United States v. Jones,* 23 M.J. 301, 303 (C.M.A.1987)).

defense and, therefore, constitutionally required to be admitted under Mil.R.Evid. 412(b)(1). First, the conviction was relevant because of its strong tendency to prove the appellant's defense of consent. Ms. S agreed to sexual intercourse in expectation of receiving enough money for a bus ticket to Cleveland, Ohio, and was subsequently motivated to retaliate against the appellant by falsely alleging rape when he refused to pay for her sexual services and then called her a "scank bitch." Mil.R.Evid. 401. Second, the conviction was material because it could have affected the judgment of the trier of fact. The conviction so logically supported the appellant's personally asserted defense that it would tend to fairly influence the panel members to find reasonable doubt as to the appellant's guilt. Third, the conviction was favorable to the defense's theory of the case. The government's evidence was not overwhelming and evidence of the "victim's" conviction could have shifted the outcome in the appellant's favor.[4] Finally, the probative value of the conviction outweighed any danger of unfair prejudice. Mil.R.Evid. 403. Accordingly, we hold that the military judge abused his discretion and erred to the substantial prejudice of the appellant by excluding evidence of Ms. S's prior conviction of solicitation for the purpose of prostitution.

We agree with the appellant's contention that when the military judge erred by refusing to allow the defense to admit evidence of the prior solicitation conviction, the error also prejudiced the appellant regarding the maltreatment offense that occurred the same evening moments before and during the rape. The appellant's act of maltreatment was his "entering her room at night, climbing on top of her (PV1 [S] ), and having sexual intercourse with her." Maltreatment occurs when the treatment, viewed objectively, results in physical or mental pain or suffering and is abusive or otherwise unwarranted, unjustified and unnecessary for any lawful purpose. *United States v. Rutko,* 36 M.J. 798, 801 (A.C.M.R.1993). The excluded evidence could have persuaded the panel members that the appellant's treatment of the victim was consensual and did not satisfy this definition.

We have carefully considered the appellant's remaining assignments of error, including those personally raised by him pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and hold that none warrant relief.[5]

The findings of guilty of Specification 3 of Charge II and Charge II, and Specification 2 of Charge III and Charge III are set aside. The remaining findings of guilty are affirmed.[6] The sentence is set aside subject to

---

4. On the other rape specification, the panel found the appellant not guilty of rape, but guilty of adultery. This sexual encounter between the appellant and the victim occurred the night before the second incident that concerns us now. Additionally, the victim did not report either incident until two days later, after she had been administratively discharged for her offense of desertion and had returned to her home in Cleveland, Ohio. There was no medical testimony. Furthermore, the victim had been employed as a topless dancer at the Crazy Horse Saloon in Cleveland since "approximately" age 19. On the date of trial she was 25 years old. Her conviction for solicitation occurred when she was 18 years old.

5. We agree that the staff judge advocate erred by failing to comment on the allegations of legal error raised by the appellant in his Rule for Courts–Martial 1105 submission to the convening authority. However, we are convinced that a properly prepared staff judge advocate recommendation would have had no effect on the convening authority's already favorable exercise of

his discretion. *United States v. Hill,* 27 M.J. 293, 296 (C.M.A.1988).

6. The appellant admitted at trial that he committed adultery with the victim on the two separate occasions that he is charged with having committed both rape and adultery. The panel was properly instructed to find the appellant not guilty of adultery for any incident for which it found the appellant guilty of rape. *United States v. Hickson,* 22 M.J. 146, 154–55 (C.M.A.1986). As to the second encounter, the panel found the appellant guilty of rape and, therefore under *Hickson,* not guilty of adultery. Thus, we are unable to resurrect the panel's finding of not guilty of adultery and affirm a finding of guilty of adultery as to the second incident. (Whatever impact *United States v. Teters,* 37 M.J. 370 (C.M.A.1993), decided three months after the appellant's court-martial, would have on the *Hickson* rule is not an issue for us to decided in this case.) In setting aside the appellant's rape conviction, we are also unable to affirm a finding of guilty for adultery because adultery is not a lesser included offense of rape. *United States v. Hale,* 28 M.J. 310, 311 (C.M.A.1989).

the conditions hereinafter stated. The same or a different convening authority may order a rehearing on Specification 3 of Charge II or Specification 2 of Charge III, or both, and the sentence, which is conditionally set aside for the purpose of rehearing. If the convening authority determines that a rehearing on neither Specification 3 of Charge II nor Specification 2 of Charge III is practicable, he may dismiss those specifications and charges and order a rehearing on the sentence only. If the convening authority determines that a rehearing on the sentence likewise is impracticable, he may reassess the sentence.

Chief Judge CUTHBERT and Senior Judge EDWARDS concur.