**UNITED STATES, Appellee,**

v.

**Brian D. ROBINSON, Staff Sergeant
U.S. Air Force, Appellant.**

No. 68,498.
CMR No. 29553.

U.S. Court of Military Appeals.

Argued Nov. 2, 1993.

Decided March 4, 1994.

For Appellant: *Major John V. Sullivan,* USAFR (argued); *Colonel Terry J. Woodhouse* and *Captain Ursula P. Moul* (on brief); *Lieutenant Colonel Jay L. Cohen.*

For Appellee: *Captain Jules D. Silberberg* (argued); *Colonel Richard L. Purdon, Colonel Jeffery T. Infelise, Captain David C. Wesley* (on brief); *Lieutenant Colonel Mark C. Ramsey,* USAFR.

*Opinion of the Court*

CRAWFORD, Judge:

Contrary to his pleas, appellant was found guilty by general court-martial with members of using cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The convening authority approved the sentence of a bad-conduct discharge, confinement for 6 months, and reduction to airman basic. The Court of Military Review affirmed the findings and sentence in an unpublished opinion dated July 31, 1992. We granted review of the following issue:

WHETHER THE ENTITLEMENT OF AN ACCUSED TO SUCH EXPERT ASSISTANCE AS MAY BE NECESSARY TO AN ADEQUATE DEFENSE INCLUDES, IN A CASE WHERE THE SCIENTIFICALLY DETECTED PRESENCE OF A METABOLITE OF COCAINE IN A SPECIMEN OF URINE CONSTITUTES THE SOLE PROOF OF GUILT, A REASONABLY ECONOMICAL SCIENTIFIC TEST OF THE HYPOTHESIS THAT THE ACCUSED WAS NOT THE SOURCE OF THE TESTED SPECIMEN, ESPECIALLY WHERE IT IS CONCEDED THAT THE ACCUSED IS ENTITLED TO A SIMILARLY ECONOMICAL SCIENTIFIC TEST OF THE HYPOTHESIS THAT THE METABOLITE WAS NOT TRULY PRESENT IN THE TESTED SPECIMEN.

We hold that the military judge did not abuse his discretion in denying the requested test.

Appellant was randomly selected for a urine test, and his urine tested positive for cocaine. Both before the convening authority and the military judge, defense counsel requested a secretor test, while stipulating "there were no apparent" discrepancies "in the collection, handling, or testing" of appellant's "urine sample." A secretor test can detect a mismatch in a secretor status or blood type in urine. Such evidence might establish that the urine sample tested did not come from appellant.

■ The Equal Protection Clause,* see, e.g., Britt v. North Carolina, 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400 (1971); the Due Process Clause, see, e.g., Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), and Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); the Code (Art. 46, UCMJ, 10 USC § 846); and the Manual (RCM 703(d), Manual for Courts–Martial, United States, 1984) provide that servicemembers are entitled to expert assistance when necessary for an adequate defense. This right extends from the investigative stage through the appellate process. Compare Halfacre v. Chambers, 5 MJ 1099 (CMA July 13, 1976), with United States v. Tharpe, 38 MJ 8, 14 (CMA 1993), and id. at 27–29 (Wiss, J., dissenting).

■ As this Court stated in United States v. Garries, 22 MJ 288, 291 (CMA), "[w]hen an accused applies for the employment of an expert, he must demonstrate the necessity for the services[,]" cert. denied, 479 U.S. 985, 107 S.Ct. 575, 93 L.Ed.2d 578 (1986). Likewise the Court of Appeals for the Eleventh Circuit in Moore v. Kemp, 809 F.2d 702, 712, cert. denied, 481 U.S. 1054, 107 S.Ct. 2192, 95 L.Ed.2d 847 (1987), noted in denying a request for a defense expert to review state crime laboratory tests and other evidence

> that a defendant must demonstrate something more than a mere possibility of assistance from a requested expert; ... [A]

* This applies to the United States through the Due Process Clause of the Fifth Amendment, see Boll-

fair reading of these precedents [Ake and Caldwell] is that a defendant must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial.

(Footnotes omitted.)

■ As in Garries the defense has not demonstrated the necessity for the secretor test, so the granted issue must be resolved adversely to appellant.

The decision of the United States Air Force Court of Military Review is affirmed.

Judges GIERKE and WISS concur.

SULLIVAN, Chief Judge (concurring):

The question before us is whether appellant had a legal right to have a secretor test performed at government expense to show that the prosecution's urinalysis evidence was not derived from his urine. District Judge Williams of the Northern District of Illinois has noted a possible constitutional dimension to this question. She observed that "[s]ome federal courts have recognized that a defendant accused of rape may have a constitutional right to have secretor tests performed when the defendant makes a request for the test. Johnston v. Pittman, 731 F.2d 1231, 1234 (5th Cir.1984); ... Davis v. Pitchess, 388 F.Supp. 105 (C.D.Cal.), aff'd, 518 F.2d 141 (9th Cir.1974), reversed on other grounds, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); and Bowen v. Eyman, 324 F.Supp. 339 (D.Ariz.1970)." See Coleman v. O'Leary, 845 F.2d 696, 699 n. 4 (7th Cir.), cert. denied, 488 U.S. 972, 109 S.Ct. 507, 102 L.Ed.2d 542 (1988). Judge Williams went so far in Coleman's case as to "assume that a federal constitutional right exists to have a secretor test performed at state expense in certain circumstances." See 845 F.2d at 698.

Clearly, the prosecution was not required to perform this test as a matter of due process of law guaranteed by the Fifth Amendment. See Arizona v. Youngblood,

ing v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

488 U.S. 51, 62, 109 S.Ct. 333, 339, 102 L.Ed.2d 281 (1988) (Blackmun, J., dissenting). Moreover, I conclude that for Sixth Amendment purposes, appellant has shown no reasonable probability that the performance of such a test would be of assistance to the defense. *See Moore v. Kemp*, 809 F.2d 702, 712 (11th Cir.), *cert. denied*, 481 U.S. 1054, 107 S.Ct. 2192, 95 L.Ed.2d 847 (1987). Furthermore, I note that the Government made the urine sample available for defense testing. Art. 46, Uniform Code of Military Justice, 10 USC § 846. Finally, I agree with the majority opinion that appellant has not shown that the Government's conducting this test was necessary for him to present an adequate defense. *Id. Cf. United States v. Van Horn*, 26 MJ 434 (CMA 1988).

COX, Judge (dissenting):

This is a classic case involving the golden rule: He who has the gold, rules.*

I am truly amazed that the United States Air Force has no more care and concern for Staff Sergeant Robinson, a person in whom that service has invested considerable time, money, and effort to train and nurture his development, than to deny him his wish to "[p]lease test the evidence again to make certain that it came from me." I find that tragic.

There is no doubt that the Government can rely on chain-of-custody evidence to link the urine sample to Sergeant Robinson. *United States v. Maxwell*, 38 MJ 148 (CMA 1993). That is not the question. The question is—how can Sergeant Robinson defend against the chain? There are three ways:

1. He can say the substance is not his because he did not use cocaine.

2. He can attack the breaks in the chain to try to overcome the weight and/or admissibility of the evidence. *United States v. Maxwell, supra.*

3. He can offer scientific proof that the specimen is not his.

All he sought here was a routine test which can be performed at any blood laboratory and which would determine blood type and antibodies. The test is simple and inexpensive.

Shame on you, Air Force, for denying him that simple test! In the words of Chief Judge Sullivan: His "defense to the charge was not a strong one, but it *was* ... [his] *only* one." *United States v. Rankins*, 34 MJ 326, 336 (CMA 1992) (Sullivan, C.J., dissenting).

I would hold that the military judge abused his discretion in declining to order the requested test.

---

* My thanks to Captain Robert A. Parks, USAF, for reminding me of this rule during oral arguments in *United States v. Kelly*, No. 93–0052/AF, pending. I could not find this exact quote in the research materials available to me. But close is the German saying, "Geld regiert die Welt (Money governs the world)." The Macmillan Book of Proverbs, Maxims, and Famous Phrases 1617 (B. Stevenson, The Macmillan Co., New York 1965), *citing* Berthelson, Eng.-Danish Dictionary: Money (1754).