UNITED STATES, Appellee

v.

John N. KELLY, Technical Sergeant
U.S. Air Force, Appellant.

No. 93–0052.
CMR No. 28730.

U.S. Court of Military Appeals.

Argued Dec. 2, 1993.

Decided May 31, 1994.

For Appellant: *Captain Robert A. Parks* (argued); *Colonel Terry J. Woodhouse* (on brief); *Colonel Jay L. Cohen.*

For Appellee: *Captain Barnard N. Madsen* (argued); *Colonel Richard L. Purdon, Colonel Jeffery T. Infelise, Captain Thomas E. Wand* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Appellant was convicted by a general court-martial with members, contrary to his pleas, of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The court members sentenced appellant to hard labor without confinement for 30 days, reduction to E–3, and a bad-conduct discharge. The convening authority approved only so much of the sentence as provided for the discharge and reduction. The Court of Military Review affirmed the findings and sentence in an unpublished opinion dated April 16, 1992. We granted review on the following issues:

## I

WHETHER THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S REQUEST FOR THE PRESENCE AT TRIAL OF AN APPOINTED EXPERT CONSULTANT AND OTHERWISE DENYING MEANINGFUL ACCESS TO SAID EXPERT DURING TRIAL TO CONFRONT THE GOVERNMENT EXPERT.

## II

WHETHER THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S REQUEST FOR A NEW COUNSEL AFTER THE MILITARY JUDGE QUESTIONED DETAILED COUNSEL'S COMPETENCE TO LITIGATE CASES INVOLVING URINALYSIS TESTING.

## FACTS

Prior to trial the convening authority approved the defense request to make Major Jeffrey Gere, M.D., available for a telephone consultation and review of appellant's urinalysis laboratory report. The convening authority denied the portion of the defense request asking that Major Gere be present at trial. Appellant was represented at trial by a defense counsel whom he had individually requested and by a detailed military defense counsel.

Appellant renewed his request at trial for the presence of an expert consultant to assist in the pretrial interviews of the government expert, Dr. Donald Frederick (a civilian) and to guide counsel during the cross-examination of Dr. Frederick. The military judge denied this request and indicated that the defense would be given sufficient opportunity to consult by telephone with Major Gere. He also invited the defense to renew the motion if appropriate.

After Dr. Frederick's testimony, appellant's requested defense counsel sought a continuance and verbatim transcript of Dr. Frederick's testimony. The military judge asked the court reporter to review the tape recordings of Dr. Frederick's testimony with the defense during the evening recess to allow defense counsel to complete his notes. The court recessed at 5:10 p.m. and reconvened at 1:00 p.m. the following day. At the 1:00 p.m. session under Article 39(a), UCMJ, 10 USC § 839(a), defense counsel announced that he had not quite completed his notes, so he had not yet conferred with Major Gere. The judge then offered defense counsel an additional hour to confer with Major Gere.

At no time during the trial did appellant identify any irregularity in the collecting or testing of appellant's urine or the conclusions reached by Dr. Frederick. Appellant also did not make a proffer as to what Major Gere would establish if he testified. Before commencing cross-examination of Dr. Frederick, defense counsel indicated he had "talked to Dr. Gere" and was ready to proceed.

When trial defense counsel had earlier informed the judge that he could not proceed with cross-examination until the defense consultant had reviewed a complete transcript rather than just his notes, the military judge inquired of counsel about his experience litigating urinalysis cases. After some reluctance to answer, counsel indicated that he had defended in excess of 100 cases, of which approximately 15 to 20 involved urinalysis testing. Of those urinalysis cases, counsel testified that 6 to 10 involved trials with government expert witnesses and defense consultants. Counsel acknowledged that Major Gere had been a defense consultant for him on two occasions before and on those two occasions was present during "the entire trial."

The judge also established that defense counsel had: visited the Air Force Drug Testing Laboratory twice; attended six seminars at the Drug Testing Laboratory at Fort Meade; read twelve articles, books, periodicals, and journals; and consulted with at least nine experts on radioimmunoassay or gas chromatography and mass spectrometry. After this exchange, the requested defense counsel announced that, since his "competency ha[d] been called into question," appellant no longer wished to be represented by that

counsel. The military judge denied appellant's request for a new defense counsel.

## RIGHT TO EXPERT CONSULTANT

In *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), the Supreme Court in an 8–1 opinion applied a due process analysis in determining an accused's right to an expert. It held that a defendant in a capital case is entitled to access to a psychiatric examination and the necessary assistance to prepare a defense based on his mental condition, when sanity at the time of the offenses is seriously questioned. Ake "made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial." *Id.* at 74, 105 S.Ct. at 1091. The majority stressed that its ruling was based on the fact that defendant's mental condition at the time of the offense was "seriously in question." *Id.* at 70, 105 S.Ct. at 1090. The Supreme Court noted that it was not necessary for a state to "purchase for the indigent defendant all the assistance that his wealthier counterpart might buy," but rather that due process requires that an indigent defendant be given the "basic tools" necessary to present his defense. *Id.* at 77, 105 S.Ct. at 1093, *quoting Britt v. North Carolina*, 404 U.S. 226, 227, 92 S.Ct. 431, 433–34, 30 L.Ed.2d 400 (1971).

The right to an expert extends beyond the Due Process Clause. In *United States v. Robinson*, 39 MJ 88, 89 (CMA 1994), we stated:

> The Equal Protection Clausé, *see, e.g., Britt v. North Carolina*, 404 U.S. 226, 227, 92 S.Ct. 431, 433–34, 30 L.Ed.2d 400 (1971); the Due Process Clause, *see, e.g., Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), and *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); the Code (Art. 46, UCMJ, 10 USC § 846); and the Manual (RCM 703(d), Manual for Courts–Martial, United States, 1984) provide that servicemembers are entitled to expert assistance when necessary for an adequate defense. This right extends from the investigative stage through the appellate process. *Compare Halfacre v. Chambers*, 5 MJ 1099

(CMA July 13, 1976), *with United States v. Tharpe*, 38 MJ 8, 14 (CMA 1993), and *id.* at 27–29 (Wiss, J., dissenting).

(Footnote omitted.)

▇ Unlike other jurisdictions, the military criminal justice system has not limited *Ake* to psychiatric assistance, *compare United States v. Burnette*, 29 MJ 473(CMA) (no error in denying request for specific civilian experts), *cert. denied*, 498 U.S. 821, 111 S.Ct. 70, 112 L.Ed.2d 43 (1990); *United States v. Garries*, 22 MJ 288 (CMA) (not entitled to an investigative assistant because no showing of necessity), *cert. denied*, 479 U.S. 985, 107 S.Ct. 575, 93 L.Ed.2d 578 (1986), *with Siebert v. State*, 562 So.2d 586, 590 (Ala. Cr.App. 1989) (*Ake* limited to psychiatrists), *aff'd*, 562 So.2d 600 (Ala.1990); *Moore v. State*, 802 S.W.2d 367, 371 (Tex.App.—Dallas 1990) (*Ake* limited to insanity case), or to capital cases. Also *compare Burnette* and *Garries with Marlow v. State*, 538 So.2d 804, 807 (Ala. Cr.App.1988); *Bannister v. State*, 726 S.W.2d 821, 828 (Mo.App.1987); *State v. Aucoin*, 756 S.W.2d 705, 713–14 (Tenn. Cr.App. 1988). As we indicated in *United States v. Robinson*, 39 MJ at 89, the defense is required to make an initial showing of a particular need for the expert, citing *Moore v. Kemp*, 809 F.2d 702, 712 (11th Cir.1987), which stated

> that a defendant must demonstrate something more than a mere possibility of assistance from a requested expert; ... [A] fair reading of these precedents [*Ake* and *Caldwell, infra* ] is that a defendant must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial....

(*Cert. denied* in *Moore*, 481 U.S. 1054, 107 S.Ct. 2192, 95 L.Ed.2d 847 (1987).) In *Caldwell v. Mississippi*, 472 U.S. 320, 323 n. 1, 105 S.Ct. 2633, 2637, 86 L.Ed.2d 231 (1985), the Supreme Court indicated it is not enough to state that an expert would be of great assistance.

▇ The Government may not merely present documentary evidence of urinalysis test results but must also present expert

testimony to explain the laboratory procedures used to obtain the results. *See, e.g., United States v. Murphy,* 23 MJ 310 (CMA 1987); *United States v. Harper,* 22 MJ 157 (CMA 1986). The defense may request expert assistance to respond to the Government's case, subject to a showing of necessity. Defense counsel are expected to educate themselves to attain competence in defending an issue presented in a particular case. There are a number of primary and secondary materials counsel may consult to attain competence. The requested defense counsel in this case acknowledged that Major Gere had been a defense consultant on two prior cases which he had litigated and that counsel had been involved in approximately 15–20 cases involving urinalysis testing.

■ Here, requested defense counsel not only had telephonic access but he himself was well aware of the issues in this case. In fact, the sources mentioned by defense counsel upon questioning by the military judge constitute a virtual litany of those sources needed to cross-examine Dr. Frederick, *i.e.,* articles, books, journals, periodicals, seminars, laboratory visits, consultation with experts in the field, and prior litigation experience. *See*

E. *Imwinkelried, The Methods of Attacking Scientific Evidence* (2d ed.1992). Additionally, defense counsel did not identify any potential irregularity in the collecting or testing of appellant's urine sample or make an offer of proof as to questions to be asked Major Gere. Absent these minimal showings, we hold that defense counsel did not demonstrate the necessity for the presence of the expert at trial or otherwise show meaningful denial of access.

## REQUEST FOR NEW COUNSEL

■ The request for a change of counsel may have been made out of frustration when defense counsel had announced that appellant had called his competence into question. We hold that under the facts of this case the military judge did not abuse his discretion in denying this untimely request for new counsel. *United States v. Camanga,* 38 MJ 249 (CMA 1993).

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, GIERKE, and WISS concur.