# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

No. 201600228

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## JOHNATHAN S. ARTHURTON
Lance Corporal (E-3), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene H. Robinson, Jr., USMC.
Convening Authority: Commanding General, 3d Marine Division (-) (Rein), Okinawa, Japan.
Staff Judge Advocate's Recommendation: Major Timothy S. Taylor, USMC.
For Appellant: Captain Daniel R. Douglass, USMC.
For Appellee: Lieutenant Commander Jeremy R. Brooks, JAGC, USN; Lieutenant Taurean K. Brown, JAGC, USN.

————————————

Decided 23 February 2017

————————————

Before MARKS, FULTON, and JONES, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, contrary to his pleas, of one specification of attempted sexual assault of a child, two specifications of attempted sexual abuse of a child, and one specification of making a false official statement in violation of Articles 80 and 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and

907 (2012). The military judge sentenced the appellant to 36 months' confinement, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant raises one assignment of error: the military judge erred when he denied a request for an expert consultant in the field of forensic psychology. We disagree and, finding no error materially prejudicial to the substantial rights of the appellant, affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

From August to November of 2014, the appellant corresponded via text and instant message with a person he thought was a 15-year-old girl. In reality, he was communicating with an undercover agent working with the Naval Criminal Investigative Service. The appellant discussed many graphic sexual topics in his messages, described how he would satisfy her sexually, and asked her to have sex with him. Ultimately, he ended his communications with the undercover agent, telling her to delete their text messages to "save [their] hides."[1]

In January 2015, the appellant communicated with yet another undercover agent he believed was a 14-year-old girl who lived on Kadena Air Base in Okinawa, Japan. Again, he sent graphic sexual messages to the undercover agent and within a week of the first message arranged to meet her for sex. The appellant suggested meeting on a day when the girl would be alone in her home. He asked her to have her underage friend available to have sex with his friend, with whom he would be arriving. Further, he instructed her to lie about their ages if they were asked how old they were. The appellant then asked a friend—who was unaware of his plans—to drive him to the address the undercover agent had given him. The appellant arrived at the home and was apprehended with a condom in his pocket.

Before trial, the defense moved to compel the assistance of an expert consultant in the field of forensic psychology. The defense argued a psychologist was needed to (1) assist in the defense of entrapment and (2) rebut claims by the government, on both the merits and at sentencing, that the appellant "is predisposed to commit sexual misconduct with children . . . that he is a pedophile, some sort of sexual predator, [and] has an interest in children as sexual objects[.]"[2]

---

[1] Record at 84.

[2] Appellate Exhibit III at 3.

The military judge denied the expert assistance request, finding an inadequate showing of the necessity for the forensic psychologist.

## II. DISCUSSION

"A military judge's ruling on a request for expert assistance is reviewed for an abuse of discretion." *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010) (citing *United States v. Bresnahan*, 62 M.J. 137, 143 (C.A.A.F. 2005)). An accused is entitled to expert assistance when necessary for an adequate defense. *United States v. Freeman*, 65 M.J. 451, 458 (C.A.A.F. 2008). The mere possibility of expert assistance is not a sufficient basis. "Instead, the accused has the burden of establishing that a reasonable probability exists that (1) an expert would be of assistance to the defense and (2) that denial of expert assistance would result in a fundamentally unfair trial." *Id.* (citations omitted). "To establish the first prong, the accused 'must show (1) why the expert assistance is needed; (2) what the expert assistance would accomplish for the accused; and (3) why the defense counsel were unable to gather and present the evidence that the expert assistance would be able to develop.'" *Id.* (quoting *Bresnahan*, 62 M.J. at 143). "Defense counsel are expected to educate themselves to attain competence in defending an issue presented in a particular case." *United States v. Kelly*, 39 M.J. 235, 238 (C.A.A.F. 1994).

In his analysis, the military judge concluded that the defense had provided only a "generalized description of how the expert assistance might assist them 'undermine the prosecution's case in chief'" without explaining with any level of specificity "how that might happen or why the expert assistance [was] actually needed."[3] The military judge noted that the government had not consulted any experts and was not going to use any experts at trial. Further, the military judge found that the defense's true motive in seeking the expert was to use him in sentencing to explain that the appellant had a low risk of recidivism, and they had only shown that this mitigation was a "mere possibility,"[4] which was not sufficient. The military judge cited *United States v. Frey*, 73 M.J. 245 (C.A.A.F. 2014) for the proposition that the government would be unable to argue the appellant was a pedophile or predisposed toward children unless the defense introduced expert testimony, since the government would be restricted to the admission of proper evidence under RULE FOR COURTS-MARTIAL 1001, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). Finally, the military judge concluded that the trial defense counsel had not met their burden of persuasion as to whether the lack of expert assistance would result in a fundamentally unfair trial.

---

[3] Appellate Exhibit VII at 2.

[4] *Id. at 3.*

We find that the military judge did not abuse his discretion. "An abuse of discretion occurs when the trial court's findings of fact are clearly erroneous or if the court's decision is influenced by an erroneous view of the law." *Lloyd,* 69 M.J. at 99 (citation and internal quotation marks omitted). Here the military judge's findings of fact are supported by the record, and he applied the correct legal standards in denying the motion to compel expert assistance. While it is possible that the requested expertise might have assisted the appellant at trial, a "mere possibility" alone is not sufficient. *Id.*

## III. CONCLUSION

The findings and sentence, as approved by the CA, are affirmed.

For the Court



R.H. TROIDL
Clerk of Court