UNITED STATES, Appellee,

v.

Sergeant First Class Arnold G. STER-LING, 138–56–2684, United States Army, Appellant.

ACMR 9100603.

U.S. Army Court of Military Review.

18 June 1992.

For Appellant: Captain Michael P. Moran, JAGC, Captain Beth G. Pacella, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before De GIULIO, HAESSIG and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

ARKOW, Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members and, contrary to his pleas, was found guilty of two specifications of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982 and Supp. V 1987) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for two years, and reduction to Private E1.

Appellant alleges in this appeal that the military judge committed plain error when he failed to, *sua sponte*, give a curative instruction after trial counsel made an improper statement in her closing argument on findings. We find error which did not amount to plain error, that the error was not prejudicial to appellant, and that the error was waived.

The government presented evidence that appellant participated in two urinalysis tests: one in December, 1990, and one in January, 1991. His samples were found to be positive for the metabolite of cocaine in both instances. While appellant offered no explanation as to the January offense, he stated that he did not provide the December sample. He testified that in December he dropped the sample bottle while he was attempting to fill it and, in order to avoid any delay, filled the bottle with urine from an adjoining urinal and hypothesized that the positive result was from another soldier's urine. No other soldier in the unit tested positive for cocaine. The soldier who was assigned to observe appellant provide his sample denied appellant's version of what happened. He stated the testing procedure was routine and he did not see appellant adulterate his sample. While one witness stated he felt the sample was cold, others stated that the label on the bottle was dry and showed no signs of having been in contact with water or urine.

Trial counsel, in her closing argument, stated, "[T]he 7th of January test will confirm the first test in December." Trial defense counsel did not object to the argument and the military judge did not address this comment in his instructions.

Appellant contends that this argument told the panel that the evidence supporting one specification substantiates appellant's guilt of the other and that his conviction was the result of an improper argument which calls for a finding of guilty by using evidence of one offense to convict on another.

■ At the outset, it is noted that the evidence was properly admitted to prove the specification. It was not received as uncharged misconduct under Manual for Courts-Martial, United States, 1984, Mil. R.Evid. 404(b) [hereinafter Mil.R.Evid.]. It is not clear why trial counsel included that remark in her argument. Like uncharged misconduct, however, evidence relating to one specification can be used to show a "pattern of intent" that could be considered on another specification, as can evidence to prove motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident under Mil.R.Evid. 404(b). *United States v. Cox*, 18 M.J. 72 (C.M.A.1984).

■ Trial counsel did not suggest how one test confirmed the other. We are at a loss, under the facts of this case, as to how it can be properly argued that one test confirms, corroborates, or substantiates guilt as to the other offense which took place one month earlier. We can only conclude that the argument was a call for a finding of guilty based on general criminal disposition. *See generally United States v. Hogan*, 20 M.J. 71 (C.M.A.1985); Green, *Annual Review of Developments in Instructions*, The Army Lawyer, Apr. 1992, at 23, 34. This was improper argument as it exceeded reasonable comment on the evidence. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 919(b) [hereinafter R.C.M.].

Trial defense counsel's failure to object to the improper argument before the military judge instructed the members constituted a waiver of that objection. R.C.M. 919(c). If, however, the improper argument amounts to plain error, the failure to object cannot be waived. *See United*

**1250**

*States v. Knickerbocker,* 2 M.J. 128 (C.M.A.1977).

■ Plain error is one which materially prejudices the substantial rights of an accused. *See* UCMJ art. 59(a). It is invoked to rectify errors which "seriously affect fairness, integrity or public reputation of judicial proceedings." *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936), *as cited in United States v. Fisher,* 21 M.J. 327 (C.M.A.1986). Thus, it must be used sparingly to prevent a miscarriage of justice. *Id.* at 328–329.

We do not find plain error in this case. The complained-of sentence in the argument, which consists of one line in about four pages of argument in the record, is insignificant when compared to the entire argument. In fact, it went unnoticed by the trial defense counsel and the military judge. Further, the trial judge admonished the members that they should not consider counsel's view of the facts as evidence and that they could only consider evidence properly before the court.

In reviewing the entire record, to include prosecution and defense evidence, arguments of counsel, and the instructions of the military judge, we are satisfied that the improper argument did not constitute plain error requiring reversal. *Fisher,* 21 M.J. at 329.

The evidence of appellant's guilt on each of the specifications is independently established beyond a reasonable doubt. There was no need for one specification to "confirm" the other. In our review of the entire record we are satisfied beyond a reasonable doubt of appellant's guilt. *See* UCMJ art. 66(c); *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

■ Appellant also alleges that his sentence was unduly severe. Appellant's use of cocaine two months in a row is serious misconduct which was appropriately addressed at his court-martial. We agree with the sentence imposed by the court members at his trial.

The findings of guilty and the sentence are affirmed.

Senior Judge De GIULIO and Judge HAESSIG concur.