UNITED STATES

v.

**Airman Antonio SANCHEZ, FR572–19–4983, United States Air Force.**

ACM 30614.

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 March 1993.

12 Aug. 1994.

Appellate Counsel for Appellant: Colonel Jay L. Cohen, Captain Del Grissom, and Captain Eric N. Eklund.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Colonel Thomas E. Schlegel, and Captain Timothy G. Buxton.

Before HEIMBURG, PEARSON, and SCHREIER, Appellate Military Judges.

## OPINION OF THE COURT

### SCHREIER, Judge:

Contrary to his pleas, a military judge convicted appellant of the rape of Senior Airman OD. The approved sentence is a dishonorable discharge, confinement for three years, forfeiture of $250 pay per month for 36 months, and reduction to E–1. Appellant alleges four errors. We find no error and affirm.

## BACKGROUND

Senior Airman OD met appellant at the NCO Club about one month before the alleged rape. Over the next month, they saw each other at the Club on weekends where they would talk and dance. The appellant occasionally gave OD or OD and her friends a ride to the dorm. On May 1, 1992, they again saw each other at the Club and later appellant gave her a ride to her dorm. Here, their stories diverge.

OD claims appellant followed her into her room without her consent, turned the light off, and kissed her. She resisted, told him to go because she was going on leave in a few hours, and went into the bathroom to take a shower thinking he would get bored and leave. When she finished her shower, he was waiting, pushed her to the floor and, despite her struggles, eventually engaged in sexual intercourse on the bed. She claims that after the sex he started fixing his clothes, laid down on the bed holding her, and fell asleep fully clothed. At that time, she tried to call a boyfriend, Sergeant (Sgt) B, but was initially unsuccessful. After the second call, he answered the phone and she asked if she could come to his room. When she arrived, she looked "kind of empty" according to Sgt B, and curled up on his bed facing the wall. She told him she shouldn't have gone to the Club, and that she met someone who became aggressive and wouldn't leave her room. Sgt B went to her room, saw the appellant asleep, and called the Security Police (SP). Upon questioning by the SP and Air Force Office of Special Investigations (AFOSI), OD stated she was raped.

Appellant testified they engaged in consensual sex several times including once when she was in the female superior position. He said she then took a shower and when she finished she started to question him, "trying to put this guilt trip on me" because he was married. He told her their sex meant nothing to him whereupon she became upset. He went over to the bed where she was sitting, lay down beside her fully clothed, and fell asleep until awakened by the SPs. Additional facts will be discussed as needed below.

## ADMISSIBILITY OF MILITARY RULE OF EVIDENCE 412 MATTERS

Appellant argues that the military judge abused his discretion in not allowing the defense to present evidence of the victim's past sexual behavior in both the Article 39(a) session and at trial and in finding his offer of proof insufficient. We will first discuss the offer of proof because the requirement for a hearing depends on the sufficiency of the offer of proof.

Trial defense counsel sought to introduce evidence of the victim's past sexual behavior under the "constitutionally required" section of Military Rule of Evidence (Mil.R.Evid.) 412. The written offer of proof stated that the complainant was "involved in a number of sexual 'one night stands' with numerous other airman.... These liaisons frequently caused her, as in this case, to be emotionally upset and/or depressed/concerned almost immediately thereafter...." The defense stated that these incidents involved 5–10 other airmen and 60–80 percent began at the NCO Club. The defense indicated OD would thereafter call or talk to friends and acquaintances about her remorse and wondering about her own self-worth. The written offer of proof suggested a similar pattern with appellant when she found out this was anoth-

er "one night stand." The defense brief argued these feelings of anger and guilt caused her to concoct "a rape story to cover herself from further allegations of easy virtue, and reacted by making herself a victim, not a responsible adult when officials, like the SPs and AFOSI, became involved due to her [other] sexual partner's unexpectedly alerting the police that A1C Sanchez was asleep in [OD's] room." The defense acknowledged there had been no prior claims of rape following the consensual sexual acts with other individuals. There was no proffer of expert testimony to support this unique theory as to why the victim would have a motive to lie. The defense further indicated this evidence was important because the complainant's credibility was at issue.

Trial counsel opposed the offer of proof as being insufficient to establish a basis for the admissibility of the evidence. Trial counsel correctly noted that prior sexual behavior is not relevant to prove consent. The trial judge gave defense counsel several opportunities to expand upon the written offer of proof and, in fact, allowed a brief recess for that purpose. The verbal proffer remained vague and indefinite. The defense never proffered a specific reason as to why OD would claim rape in this instance when she had not done so previously.

The military judge denied the defense request, ruling there was "an insufficient showing of any constitutional requirement." He said the offer of proof was imprecise as to the number of individuals and the circumstances. In contrast to this decision, upon further motion, he specifically allowed the defense to introduce evidence concerning prior conversations and sexual behavior between the victim and both appellant and Sgt B under the "constitutionally required" exception of Mil.R.Evid. 412(b)(1). He also told the defense they could ask for reconsideration of the ruling during trial if circumstances warranted. In fact, during sentencing, the government opened the door to Rule 412 matters and the defense elected not to explore the "one night stands" evidence.

■ The standard of review is whether the military judge abused his discretion in refusing to admit Rule 412 evidence. *United*

*States v. Hurst,* 29 M.J. 477 (C.M.A.1990); *United States v. Welch,* 25 M.J. 23 (C.M.A. 1987).

■ The Sixth Amendment grants individuals the right to confront the witnesses against them. This right of cross-examination is critical to test the truthfulness of the witness' testimony. *Douglas v. Alabama,* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). Mil.R.Evid. 412 limits this general rule by prohibiting the admission of evidence about a rape victim's prior sexual behavior except under certain specific circumstances such as when the evidence is constitutionally required. Evidence which is relevant, material, and favorable to the defense is constitutionally required. *United States v. Williams,* 37 M.J. 352 (C.M.A.1993) (citing *United States v. Dorsey,* 16 M.J. 1 (C.M.A. 1983)). Primarily, Rule 412 is a rule of relevance, specifically concerned with the relevance of the victim's sexual past in a trial for a sex offense. *United States v. Saipaia,* 24 M.J. 172 (C.M.A.1987).

■ The Rule also sets up certain procedural requirements for admission of Rule 412 evidence. Mil.R.Evid. 412(c)(2) states: "If the military judge determines that the offer of proof contains evidence described in subdivision (b), the military judge shall conduct a hearing, which may be closed, to determine if such evidence is admissible. At such hearings, the parties may call witnesses, including the alleged victim, and offer relevant evidence."

The necessary predicate to a hearing is a determination the offer of proof describes evidence which is or may be constitutionally required to be admitted. An offer of proof should clearly and specifically identify the evidence sought to be admitted and its significance. The burden is on counsel to put the military judge on notice of the specific theory of admissibility and the evidence counsel intends to introduce. *United States v. Means,* 20 M.J. 522 (A.F.C.M.R.1985), *aff'd* 24 M.J. 160 (C.M.A.1987).

■ Once the defense raises the possibility that Rule 412 evidence is "constitutionally required", the military judge must en-

sure there is sufficient information to make a determination before ruling on the evidence. *United States v. Brown,* 17 M.J. 544 (A.C.M.R.1983). Contrary to appellant's argument, we find that the military judge had a sufficient basis to make this determination. The military judge allowed the defense several opportunities to describe the evidence and its relevancy. Additionally, he exhibited his understanding of Rule 412 in his rulings on other Rule 412 issues. We note the ruling of the military judge is somewhat unclear as to the exact basis for excluding the evidence. When a military judge decides not to conduct a hearing into the admissibility of Rule 412 matters, he should clearly indicate, on the record, why the proffered evidence did not meet the threshold requirement for a hearing on admissibility. *See United States v. Hollimon,* 16 M.J. 164 (C.M.A.1983); *United States v. Diaz,* 39 M.J. 1114 (A.F.C.M.R. 1994).

■ We further find the offer of proof failed to adequately identify the significance and theory of admissibility of the proffered evidence. The defense proffer does not describe a commonly understood motive to lie such as revenge or to place blame on another. *See United States v. Saipaia,* 24 M.J. 172 (C.M.A.1987). When a motive is commonly understood and obvious from the facts asserted, it is unnecessary for counsel to produce expert testimony. Many cases have allowed this evidence without expert testimony. *See United States v. Colon–Anguerira,* 16 M.J. 20 (C.M.A.1983); *United States v. Dorsey,* 16 M.J. 1 (C.M.A.1983). However, when the proffered motive is highly speculative and not one commonly understood, expert testimony is essential to establish the relevance between the motive to lie and the prior consensual sexual behavior. *See United States v. Ferguson,* 14 M.J. 840 (A.C.M.R. 1982). Without expert testimony, we see only two possible theories of relevance: OD consented in this case because she consented to sex with other airmen before, or that OD's prior sexual acts cast doubt on her credibility. Neither of these theories provides a valid grounds for admissibility. *United States v. Elvine,* 16 M.J. 14 (C.M.A.1983). Finally, appellant testified as to OD's reaction to his statement that the sex didn't mean anything to him. This testimony was independently sufficient to present the issue of motive or bias to the court. Additional evidence of OD's emotional reaction to other "one night stands" was not constitutionally required to present this issue. *See Ferguson.* Because the offer of proof was insufficient to propose a constitutionally required basis for admissibility, there was no need for a hearing. We find there was no abuse of discretion on the part of the military judge in finding the offer of proof insufficient and in denying a hearing.

## SUFFICIENCY OF THE EVIDENCE

■ Appellant argues the evidence is factually insufficient to support the finding of guilty. The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of this Court are themselves convinced of appellant's guilt beyond a reasonable doubt. *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

■ A cursory review of this case might raise a question as to appellant's guilt. Appellate defense counsel points to the following facts: OD failed to cry out despite suspecting her suitemate was next door, there was no evidence that OD struck appellant, appellant fell asleep fully clothed after the sex, and OD did not initially call the SPs or tell her boyfriend she was raped when she had the opportunity. However, we are more persuaded by other evidence of the appellant's guilt. Initially, we note there is physical corroboration of OD's rape. OD's examining physician found evidence of six vertical scratches four to six inches in length on her buttocks and one six inch vertical scratch on her upper left thigh. We do not believe the appellant's claim that the scratches were the result of enthusiastic sex while OD was on top. The physician who examined OD indicated that because the scratches were straight and not angled they were unlikely to result from a man running his fingernails over a woman's buttocks while she was on top. We are likewise unpersuaded by appellant's claim at trial that OD "cried rape" to

786

prevent others, including Sgt B, from believing she was a woman of easy virtue. Finally, we note appellant's denial of his identity when awakened by the SPs is some indicator of consciousness of guilt. We find the evidence is factually sufficient to support the finding.

SENTENCE APPROPRIATENESS

Appellant next argues that his sentence is inappropriate. We have given individual consideration to the nature and seriousness of the offense and the character of the offender. *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982). We find that justice has been done and appellant has received the punishment he deserved. *United States v. Healy*, 26 M.J. 394 (C.M.A.1988).

We conclude the findings and sentence are correct in law and fact, the sentence is appropriate, and there is no error prejudicial to the substantial rights of the appellant. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge HEIMBURG and Judge PEARSON concur.