UPON FURTHER REVIEW
PEARSON, Senior Judge:
Today, we review appellant’s case for a second time and grant sentence relief. See United States v. Diaz, 39 M.J. 1114 (A.F.C.M.R.1994).
PROCEDURAL HISTORY
In April 1992, court members convicted appellant, then a sergeant, of raping Airman First Class JLH, threatening and harassing Mrs. CAY, and using cocaine. They sentenced him to a dishonorable discharge, 10 years confinement, forfeiture of all pay and allowances, and reduction to E-l. The convening authority reduced the forfeiture to $350 per month for 120 months as an act of clemency but otherwise approved the adjudged sentence.
On June 8, 1994, we reversed the rape and harassment convictions because the military judge erred in restricting defense counsel’s cross-examination of the alleged rape victim, allowed the prosecutor to make an improper findings argument, and failed to adequately instruct the members. We affirmed appellant’s convictions of using cocaine and communicating a threat, and authorized a rehearing on the rape and harassment offenses, or a rehearing only on the sentence if the convening authority declined to pursue the two reversed offenses.
Appellant remained in a confinement status until 0800 on July 15, 1994 (AF Form 2098, Duty Status Change, July 15, 1994). After his return to duty, and while awaiting the rehearing, he drove a vehicle while drunk and was disorderly, which resulted in two noiy'udicial punishment actions and a reduction in grade from sergeant to airman basic. See Article 15, UCMJ, 10 U.S.C. § 815.
Ultimately, the convening authority decided not to pursue the rape and harassment offenses, and ordered a rehearing only on the sentence. On January 11, 1995, appellant requested a bench trial, and was sentenced to a bad-conduct discharge, 1 year confinement, and forfeiture of $200 pay per month for 12 months. Appellant now contends he was unlawfully held in confinement after our June 8th opinion and the military judge erred in admitting evidence of the two recent disciplinary actions, arguments he did not raise at trial. He also contends his sentence is too severe.
CONFINEMENT PENDING REHEARING
In a nutshell, appellant argues that our opinions take legal effect the moment they are issued. Thus, appellant contends he was entitled to release from post-trial confinement the very day we reversed two of his convictions and authorized a rehearing. The government counters that it had a reasonable time to determine whether to release appellant or continue him in a pretrial confinement *812 status until the rehearing under Rule for Courts-Martial 305. In determining whether it acted reasonably, the government points out that the Court has up to 30 days to reconsider any opinion it issues, even if the parties do not ask for reconsideration. See Cts. Mil. Rev. R.P. 19(a). We decline to bite on either argument.
Presently, service courts do not issue mandates like the Court of Appeals for the Armed Forces and other federal appellate courts which establish the finality of their opinions by judicially adopted rule. See U.S.C.A.A.F. R.P. 43; Fed. R.App. P. 41. Thus, the precise time that a service court’s opinion takes legal effect is an interesting issue without a clear cut answer. Compare Enzor v. United States, 42 C.M.R. 699, 1970 WL 7205 (A.C.M.R.1970) (effective when issued) with United States v. Tanner, 3 M.J. 924 (A.C.M.R.) (effective only after time for reconsideration has expired), pet. denied, 4 M.J. 169 (C.M.A.1977). Compare also Moore v. Akins, 30 M.J. 249, 253 (C.M.A.1990) (service court may order appellant’s immediate release from confinement even if opinion is not “final”) with United States v. Kraffa, 11 M.J. 453, 455 (C.M.A.1981) (service court decisions are “inchoate” and not “self-executing”).
We do not see any legal impediment to this Court determining when its opinions become final by either announcing it in an opinion or adopting an internal mandate rule. See A.C.M.R. R.P. 18.1. The legislation creating this Court mirrors that creating the Court of Appeals for the Armed Forces when it comes to whether our judicial opinions are “self-executing.” Compare Article 66(e), UCMJ, 10 U.S.C. § 866(e) with Article 67(e), UCMJ, 10 U.S.C. § 867(e). However, with that said, we do not answer the question today because appellant failed to preserve it for judicial review.
Appellant did not raise any issue at trial, or even during the post-trial clemency review of his case, concerning the lawfulness of his continued confinement. Since appellant was not entirely a “free man” with two affirmed criminal convictions and a rehearing authorized on two others, his continued confinement was in the nature of a “pretrial” status pending the rehearing. See R.C.M. 305; Moore. Pretrial confinement issues are forfeited unless raised at trial. R.C.M. 905(e), 906(b)(8); United States v. McCants, 39 M.J. 91, 93 (C.M.A.1994). And, we do not find any “plain error” which would excuse the forfeiture in this case. See United States v. Causey, 37 M.J. 308 (C.M.A.1993).
ADMISSIBILITY OF DISCIPLINARY ACTIONS
Appellant complains, for the first time, that the two nonjudicial punishment actions should not have been admitted because they occurred after the first trial. Appellant doesn’t offer any legal authority for such a novel argument, and we are not aware of any. However, we decline the invitation to explore new judicial territory because, once again, appellant failed to preserve the issue by raising it at trial. R.C.M. 1001(b)(2); Mil. R. Evid. 103(a)(1). We also do not find “plain error.” See Mil. R. Evid. 103(d); United States v. Frazier, 14 M.J. 773 (A.C.M.R.1982) (no objection to inadmissible civilian conviction), pet. denied, 16 M.J. 93 (1983).
SENTENCE SEVERITY
Finally, appellant contends he has not been adequately compensated for the 14 1/2 months he served in confinement beyond his finally approved sentence. In this regard, the extent of appellant’s served confinement was only mentioned very briefly during the rehearing, and the convening authority did not “direct in the action that any part or amount of the former sentence served or executed between the date it was adjudged and the date it was disapproved or set aside shall be credited to the accused.” R.C.M. 1107(f)(5)(A).
We are confident that the military judge took appellant’s post-trial confinement into consideration when he fashioned appellant’s sentence. Likewise, we are confident the convening authority considered it since it was mentioned in the post-trial clemency submission. See R.C.M. 1105. However, we have an independent statutory duty to only approve a sentence that we find correct in *813 both law and fact. Article 66(c), UCMJ, 10 U.S.C. § 866(c); United States v. Heady, 26 M.J. 394 (C.M.A.1988). Having weighed the entire record, we disapprove the forfeiture in total.
CONCLUSION
We affirmed the findings in our earlier opinion. The sentence, as modified, is correct in law and fact and is
AFFIRMED.
Judges BECKER and MORGAN concur.